UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. FLORES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>AVENAL STATE PRISON, Warden,<br><br>　　　　　Respondent. | 1:07-cv-01620-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS<br>TO GRANT RESPONDENT'S MOTION<br>TO DISMISS PETITION (Doc. 10)<br><br>ORDER REQUIRING OBJECTIONS BE<br>FILED WITHIN TWENTY DAYS |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on November 8, 2007. (Doc. 1).

**BACKGROUND**

　　　　When the petition was filed, Petitioner was in the custody of the California Department of Corrections and Rehabilitation pursuant to a 1989 conviction in the Superior Court of California, County of Los Angeles, for second degree murder, a violation of California Penal Code § 187. (Doc. 1, p. 2). Petitioner is serving a prison term of fifteen years to life. (Id.). The petition challenges the December 14, 2005 decision of the Board of Parole Hearings ("the Board") to deny Petitioner eligibility for parole.

　　　　On March 14, 2008, Respondent filed the instant motion to dismiss the petition, contending that Petitioner's claims have never been exhausted in state court and therefore the petition should be dismissed. (Doc. 10). On March 27, 2008, Petitioner filed his opposition to the motion. (Doc. 11). On June 26, 2008 and on January 7, 2009, Petitioner filed motions for judicial notice in which he

cited various cases he contends support denial of the motion to dismiss.  (Docs. 12, 13).  Because the motions for judicial notice do not request the Court to take judicial notice of facts or documents, but instead merely direct the Court's attention to certain legal authorities, the Court has construed them as a supplemental legal argument in opposition to the motion to dismiss.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "[a]n alleged failure to exhaust state remedies as to any ground in the petition may be raised by a motion by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to

hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995)(legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S.Ct. 1715 (1992), superceded by statute as stated in Williams v.Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

In the petition before the Court, Petitioner challenges Respondent's 2005 denial of parole based, according to Petitioner, solely on the nature of the commitment offense.

///

     Respondent has lodged documents with the Court that establish that Petitioner sought to exhaust his remedies for this claim by filing a habeas corpus petition in the California Supreme Court. (Doc. 10, Exh. 1). However, that petition was denied by the state high court, which cited People v. Duvall, 9 Cal.4th 464, 474 (1995), and In re Swain, 34 Cal.2d 300, 304 (1949), as the bases for the denial. (Doc. 10, Exh. 1, p. 1). Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474. Similarly, in Swain, the California Supreme Court held, in part, that petitioner's allegations were so unduly vague and conclusionary that his claims were "insufficient to warrant issuance of the writ" and thus the court denied the petition without prejudice to the filing of a new one that contained greater specificity. Swain, 34 Cal. 2d at 304.

     While conceding that Petitioner raised the instant claims in his action before the California Supreme Court, Respondent contends that state court remedies have not been exhausted because Petitioner's California Supreme Court petition was denied on procedural grounds, i.e., by the citations to Duvall and Swain. (Doc. 10, p. 3). Specifically, Respondent contends that the Petitioner's state court petition was for his failure to "plead sufficient grounds for relief," and that the denial "provided [Petitioner] with an opportunity to re-file his petition so that the Court may decide his claims on the merits." (Id. at p. 4). Thus, Respondent argues that because Petitioner could have cured the defects by filing a new petition, the California Supreme Court was denied "the full and fair opportunity to resolve any federal constitutional claims before they are presented in federal court." (Id.).

     In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a state petition denied with a citation to In re Swain. In Kim, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e., lack of particularity could be cured in a renewed petition. Kim, 799 F.2d at 1319.

     However, in Kim, the Ninth Circuit also stated that it was "incumbent" on the district court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had

been met, to independently examine Kim's petition to the California Supreme Court. Kim, 799 F. 2d at 1320. "The mere recitation of In re Swain does not preclude such review." Id. The Ninth Circuit has held that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it. Harmon v. Ryan, 959 F.2d 1457, 1462 (9th Cir. 1992)(citing Kim, 799 F.2d at 1321). "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable. Kim, 799 F.2d at 1320.

Because Swain and Duvall stand for the same proposition, and applying the principles set forth in Kim v. Villalobos, this Court must review Petitioner's habeas petition filed in the California Supreme Court to determine whether his claims were "fairly presented" to the California Supreme Court under federal exhaustion standards.

In the form petition filed by Petitioner in the California Supreme Court, Petitioner explained his grounds for relief as follows: (1) "California Penal Code § 3041(a) creates a liberty interest protected by due process. Parole shall be granted unless the necessary statutory determinations are made;" and (2) "The board conducted the December 14, 2005 hearing improperly, violating due process. The parole board failed to meet the standard of evidence required to support it's [sic] determination of suitability for parole." (Doc. 10, Exh. 1). As to each ground for relief, when asked to provide "supporting facts," Petitioner indicated "See attached Memorandum of Points and Authorities in support of petition for writ of habeas corpus." Respondent's Exhibit 1 contains no Memorandum of Points and Authorities. Respondent has indicated, however, that when it requested a copy of Petitioner's petition from the California Supreme Court, the latter court sent Respondent the form petition and all ten exhibits, but did not include any Memorandum of Points and authorities. (Doc. 10, p. 3, fn. 1).

The Court normally will not look to attached exhibits to determine whether a claim is cognizable or has been fairly presented; hence, the failure of Respondent to include the exhibits Petitioner attached to his state court petition has no bearing on the Court's resolution of the motion to dismiss. The absence of the Memorandum of Points and Authorities, however, would effectively preclude this Court from conducting the type of analysis envisioned in Kim because, without the legal arguments Petitioner attached to his petition, the Court could not determine whether he "fairly

presented" those claims to the state court.

Under the present circumstances, however, the Court finds that, although the state petition indicates that a Memorandum of Points and Authorities was attached to the petition, such a memorandum was never actually submitted to the California Supreme Court. That court provided Respondent with all requested documentation except the Memorandum of Points and Authorities. In light of any evidence to the contrary, this Court presumes that the California Supreme Court properly maintains its files and that therefore the California Supreme Court's failure to provide Respondent with a copy of the missing Memorandum of Points and Authorities was not due to negligence or inadvertence by the California Supreme Court but rather was due to the fact that no such document was ever actually submitted to that court along with the petition and its exhibits.

Such a rationale is not only the most logical and credible interpretation of the facts now before the Court, but also would explain and support the California Supreme Court's denial of the petition on procedural grounds under <u>Swain</u> and <u>Duvall</u>: i.e., if the petition indicated that the "supporting facts" for Petitioner's claims were contained in an attached legal memorandum that was, in fact, not attached, then the California Supreme Court's denial of the petition for lack of particularity and specificity would be both understandable and justified. Accordingly, the Court so finds.

Looking next at Petitioner's generalized and conclusory grounds for relief in the state court petition, the Court agrees with the California Supreme Court that the claims lack specificity. The first claim alleges merely that Petitioner has a due process liberty interest in parole. That is a legal proposition that, even if true, does not entitle Petitioner to habeas relief unless the parole board's decision was also constitutionally infirm.

The second ground alleges that the parole board "failed to meet the standard of evidence required to support it's determination of suitability for parole." (Doc. 10, Exh. 1, p. 6). However, without a Memorandum of Points and Authorities that further explains Petitioner's allegations, the California Supreme Court would have no way of knowing what specific findings by the parole board Petitioner claims were deficient nor which portions of the hearing transcript Petitioner references for his claim that the parole board's decision did not meet the applicable evidentiary standard. Indeed,

Petitioner does not even indicate in the petition what "evidentiary standard" he is referencing. In sum, the broad and conclusory allegations in the petition itself, without additional facts or legal discussion, are lacking in the specificity required to permit the California Supreme Court to adequately address the merits of Petitioner's contentions.

Based on the Court's finding that Petitioner failed to submit his Memorandum of Points and Authorities to the California Supreme Court along with his petition and the ten exhibits, the Court concludes that the state court's denial of that petition on Swain/Duvall grounds was justified. Accordingly, Petitioner's grounds for relief were not "fairly presented" to the state court and thus are not exhausted. Kim, 799 F.2d at 1319. Under such circumstances, the motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.[1]

## RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that Respondent's motion to dismiss (Doc. 10), be GRANTED and that the petition for writ of habeas corpus (Doc. 1) be dismissed for lack of exhaustion.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. **Petitioner and Respondent are forewarned that no extensions of time to file objections or replies will be granted.**

///

---

[1] In his opposition to the motion to dismiss, Petitioner contends that the California Supreme Court did not deny his petition on procedural grounds, arguing that a "summary denial" by the California Supreme Court is considered by the federal courts to be a denial on the merits. (Doc. 11, p. 1). This argument reflects a lack of understanding about what constitutes a "summary denial," i.e., a simple denial without reference to any additional authority. Here, of course, the California Supreme Court cited both Swain and Duvall in denying Petitioner's petition. Thus, the denial was not "summary" and thus need not be considered by this Court to be a ruling on the merits.

The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 5, 2009**                                              **/s/ Theresa A. Goldner**
                                                                          UNITED STATES MAGISTRATE JUDGE