# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. FLORES,<br><br>        Petitioner,<br><br>    v.<br><br>AVENAL STATE PRISON, Warden,<br><br>        Respondent. | 1:07-cv-01620-LJO-TAG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 14)<br><br>ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 10)<br><br>ORDER DENYING PETITIONER'S MOTION TO DISMISS (Doc. 16)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 2)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On February 6, 2009, the Magistrate Judge assigned to the case filed findings and recommendations recommending that Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. 10) be granted and that the petition for writ of habeas corpus be dismissed for lack of exhaustion. (Doc. 14). The findings and recommendations were served on all parties and contained notice that any objections were to be filed within twenty days from the date of service. On February 23, 2009, Petitioner filed objections to the Magistrate Judge's findings and recommendations. (Doc. 16). In his objections, Petitioner, for the first time in these proceedings, requests a dismissal without prejudice to exhaust his claims in state court. (Id.).

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Regarding Petitioner's tardy motion to dismiss, subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001); Stevedoring Services of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989)(stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced...or unfairly affected by dismissal.") "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Smith, 263 F.3d at 976. Rather, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." Id.

Here, Respondent had filed a motion to dismiss the petition long before Petitioner filed his request for dismissal. No stipulation for dismissal has been filed in this case. Fed. R. Civ. P. 41(a)(1). Accordingly, the motion to dismiss lies in the discretion of the Court, and the Court should grant Petitioner's motion unless Respondent will suffer legal prejudice thereby. Smith, 263 F.3d at 975.

When Respondent filed his motion to dismiss on March 14, 2008, almost one year ago, Petitioner was put on notice that his petition may not be fully exhausted and could be subject to dismissal. At that juncture, Petitioner could have requested a stay of proceedings to exhaust his claims in state court, or, alternatively, he could have initiated such exhaustion proceedings

without a stay in the hope that he could exhaust his claims and amend them to the instant petition prior to its dismissal.

However, Petitioner did nothing until the findings and recommendations were issued by the Magistrate Judge on February 6, 2009. It was only at that point that Petitioner, in an obvious effort to avert a dismissal with prejudice, sought a dismissal without prejudice. These circumstances strongly suggest to the Court that Petitioner has not proceeded in good faith and that his motion to dismiss is an effort to manipulate the proceedings to avoid a more unfavorable outcome by belatedly requesting a less unfavorable outcome.

The Court also finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of adopting the Magistrate Judge's findings and recommendations. A presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). This matter has been pending since November 8, 2007, the issue of dismissal for lack of exhaustion has been pending for almost twelve months, and the case is now poised to be concluded. Petitioner has presented insufficient reasons for requiring this Court to exercise its discretion to further delay these proceedings. Accordingly, the Court will deny Petitioner's motion to dismiss the petition.

A habeas petitioner must secure a certificate of appealability where "the detention complained of arises out of process issued by a State court." 28 U.S.C. 2253( c)(1)(A). The Ninth Circuit has construed this language to hold that a certificate of appealability "is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence." White v. Lambert, 370 F.3d 1002, 1010 (9th Cir. 2004). Thus, the district court looks at who made "the detention decision complained of by the state prisoner," an administrative body or a judicial one, in determining whether a certificate of appealability is required. Id. Thus, because the "target" of Petitioner's claims is not the State court judgment or sentence derived therefrom, but the Board of Parole Hearing's administrative decision to deny his request for parole, that is a decision "regarding the execution" of Petitioner's sentence. See id. Therefore, no certificate of appealability is required to appeal the district court's ruling to the

1 | Ninth Circuit. <u>Rosas v. Nielson</u>, 428 F.3d 1229, 1232 (9th Cir. 2005).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 6, 2009 (Doc. 14), are ADOPTED IN FULL;
2. Respondent's motion to dismiss (Doc. 10), is GRANTED;
3. Petitioner's motion to dismiss (Doc. 16), is DENIED;
4. The petition for writ of habeas corpus (Doc. 2), is DISMISSED; and
5. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file.

This order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   March 6, 2009**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE